DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 2017-0037 |
| | ) | |
| KIRA LEE ENCARNACION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Attorneys:**
**Daniel H. Huston, Esq.,**
St. Croix, U.S.V.I.
*For the United States*

**Kia Danielle Sears, Esq.,**
St. Thomas, U.S.V.I.
*For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Kira Lee Encarnacion's ("Defendant") "Emergency Motion for Compassionate Release" ("Motion") (Dkt. No. 104); Defendant's supplements to her Motion (Dkt. Nos. 107, 109); the Government's Opposition (Dkt. No. 110); and Defendant's Reply (Dkt. No. 112). For the reasons discussed below, Defendant's Motion will be denied.

### I.   BACKGROUND

On July 26, 2019, Defendant pleaded guilty to one count of Federal Program Theft. (Dkt. No. 77). On February 20, 2020, this Court sentenced Defendant to 13 months imprisonment. (Dkt. No. 101). Defendant is currently imprisoned at the Metropolitan Detention Center, Guaynabo ("MDC Guaynabo") in Puerto Rico. (Dkt. No. 104).

In the instant Motion, Defendant asks the Court to release her from imprisonment. (Dkt. No. 104). In support of this request, Defendant claims that her pre-existing medical conditions and the Bureau of Prisons' ("BOP") alleged "inability to adequately address the COVID-19 pandemic" constitute extraordinary and compelling reasons for her release. *Id*. at 3-6. Specifically, Defendant argues that her type 2 diabetes, hypertension, and obesity place her at a high risk of death or serious injury should she contract COVID-19. (Dkt. Nos. 104 at 3-6, 112 at 4). Defendant further asserts that her release would be consistent with the 18 U.S.C. § 3553(a) factors. (Dkt. No. 104 at 6-9).

The Government opposes Defendant's Motion, arguing that Defendant has not met the "extraordinary and compelling reasons" criteria for release. (Dkt. No. 110). In making this argument, the Government cites to the warden of MDC Guaynabo's denial of Defendant's request for release which states, in pertinent part, that while she has a medical condition, "it is controlled and stable with current treatment." *Id*. at 9, Ex. 1. The Government also contends that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Id.* at 9 (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Lastly, the Government argues that the factors set forth under 18 U.S.C. § 3553(a) "strongly disfavor a sentence reduction." *Id*. at 9-10.

## II.   DISCUSSION

Once a federally-imposed sentence commences, a district court has limited authority to modify that sentence. One such authority is found in the First Step Act, which allows the court to consider a defendant's motion for compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). This statute provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>    (1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c).

### A.   30-Day Requirement

The Court finds that it has jurisdiction to review this matter because Defendant filed her motion over 30 days after she submitted a request for release to the warden of MDC Guaynabo. Defendant submitted her request on July 23, 2020, and the warden denied her request on September 23, 2020. (Dkt. Nos. 107-1, 110-1). Defendant filed the instant Motion on October 9, 2020, which is more than 30 days after the submission of the request to the warden. Thus, the Court finds that the 30-day requirement has been satisfied. *United States v. Harris*, 812 F. App'x 106, 107 (3d Cir. 2020) (concluding that a defendant may file a motion for compassionate release once thirty days have elapsed after the warden receives the request, even if the warden denies the request within the thirty-day period); *see also Raia*, 954 F.3d at 595 (3d Cir. 2020) ("But before they [file a compassionate release motion], defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond.").

### B.   Extraordinary and Compelling Reasons

The Court now turns to whether Defendant has established that "extraordinary and compelling reasons" warrant a reduction of her sentence. Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for

3

sentence reduction, including the criteria to be applied and a list of specific examples." *See* 28 U.S.C. § 994(t). In response, the Sentencing Commission issued a policy statement which includes an application note that lists three specific circumstances and a fourth general catchall provision that qualify as "extraordinary and compelling" reasons that warrant a reduction of a sentence. U.S.S.G. § 1B1.13, Application Note 1(A)-(C). The three specific circumstances are: (1) a "terminal illness" or a "serious medical condition," "functional impairment," or "cognitive impairment" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" (2) the defendant "is at least 65 years old," "is experiencing a serious deterioration in physical or mental health because of the aging process," "and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;" and (3) certain family circumstances exist where the caregiver of the defendant's minor child(ren) has died or become incapacitated or the defendant would be "the only available caregiver" for his or her spouse or registered partner. *Id.*[1]

While the Third Circuit has not articulated a specific standard to be applied to compassionate release motions in the context of the COVID-19 pandemic, a panel of the Third Circuit has generally observed that the mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner . . . ." *United States v. Roeder*, 807 Fed. App'x 157, 161 n.16 (3d Cir. 2020). From that ruling, certain courts within the Third Circuit have inferred that a prisoner seeking release due to COVID-19 must at least show: "(1) a sufficiently serious medical

---

[1] The general catchall provision provides that "other reasons" may be sufficient if "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in [the enumerated] subdivisions." U.S.S.G. § 1B1.13, Application Note 1(D).

4

condition, or advanced age, placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held." *United States v. Somerville*, 463 F. Supp. 3d 585, 597 (W.D. Pa. 2020); *see also United States v. Gray*, 2020 WL 5350444, at *1 (W.D. Pa. Sept. 4, 2020) ("[A] medically compromised prisoner's showing of non-speculative risk of exposure to COVID-19 can justify compassionate release . . . ."); *United States v. McKinnon*, 2020 WL 4530737, at *2 (M.D. Pa. Aug. 6, 2020); *United States v. Boyce*, 2020 WL 3268930, at *3 (D. Del. June 17, 2020). This Court agrees that a showing of this nature would merit the Court's consideration of a request for compassionate release.

The Court finds here, however, that Defendant has failed to meet this two-pronged standard because she has not shown that an actual, non-speculative risk of exposure to COVID-19 exists at MDC Guaynabo. In this regard, Defendant first makes assertions about the BOP generally (Dkt. No. 104 at 4), which does not advance the analysis because it says nothing about "the facility where [she] is held." *See Somerville*, 463 F. Supp. 3d at 597. Then, with regard to MDC Guaynabo specifically, Defendant states that at the time of her filing, the facility had 12 positive cases. *Id*. at 5. While the Court is sympathetic to the fact that even one case is too many, the number of COVID-19 positive cases should be placed into context to determine whether an actual, non-speculative risk of exposure to COVID-19 exists at the facility. The same source upon which Defendant relies reveals that, at the time of Defendant's filing, a total of 1,250 inmates were housed at MDC Guaynabo. *See* BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited January 4, 2021). 12 positive cases out of 1,250 inmates—which is less than 1% of the population—stands in stark contrast to situations in other cases where courts have found that defendants face the kind of risk of exposure at their facilities that warrants compassionate release. *See, e.g., Somerville*, 463

F. Supp. 3d at 598 (referring to the facility where the defendant was being housed as a "hotbed of COVID-19" in the federal prison system when finding that extraordinary and compelling reasons existed for the defendant's release) (internal quotation and citations omitted); *United States v. Hayes*, 2020 WL 6546135, at *1 (W.D. Pa. Nov. 5, 2020) (finding that extraordinary and compelling reasons existed for the defendant's release in part because he was "housed in a facility that is presently experiencing a severe COVID-19 outbreak.").[2]

Accordingly, the Court finds that extraordinary and compelling reasons for Defendant's release do not exist because she has not established a substantial, concrete risk of contracting COVID-19 at MDC Guaynabo. *United States v. Neal*, 2020 WL 5993290, at *7 (E.D. Pa. Oct. 9, 2020) (finding that, even assuming that the defendant's obesity, asthma, and high blood pressure placed him at an increased risk of illness if he were to contract COVID-19, he did not qualify for compassionate release because he failed to show that there was a non-speculative risk of exposure at the facility where he was held, which had 5 COVID-positive inmates out of 1,300 inmates total); *United States v. Gray*, 2020 WL 5350444, at *6 (W.D. Pa. Sept. 4, 2020) (concluding that, even assuming the defendant's hypertension and obesity placed him at some increased risk of illness if he were to contract COVID-19, "he has not shown a sufficiently non-speculative risk of exposure to COVID-19 in the facility where he is held [because] the urgency of the situation at [the facility] appear[ed] to have lessened considerably.") (internal quotation and citations omitted).[3]

---

[2] Similarly, now 1,232 inmates are housed at MDC Guaynabo, of which 15 have COVID-19. *See* BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited January 4, 2021). This means that approximately 1% of the population of MDC Guaynabo currently has the virus.

[3] In view of Defendant's failure to show a non-speculative risk of exposure to COVID-19 at MDC Guaynabo, the Court need not address Defendant's medical condition or the Section 3553(a) factors.

6

## III.   CONCLUSION

While the Court appreciates the serious public health concerns posed by the COVID-19 pandemic, the Court finds that "extraordinary and compelling reasons" do not exist here that warrant Defendant's release from prison. Accordingly, the Court will deny Defendant's Motion.

An appropriate Order accompanies this Memorandum Opinion.

Date:   January 4, 2021                             _____/s/_____
                                                    WILMA A. LEWIS
                                                    Chief Judge